# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE JONES, | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) 11-3351-CV-S-RED-H |
| JUAN D. CASTILLO, Warden, United States Medical Center for Federal Prisoners, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his conviction and sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner requests authorization from this Court to file a petition pursuant to 28 U.S.C. § 2255 in the United States District Court in the Central District of Illinois "where Petitioner's judgment is under attack." [Petition at 1].

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977).

Petitioner has set forth various challenges to his conviction and sentence, including Miranda right and double-counting violations. The action is improperly filed under the provisions of 28

U.S.C. § 2241.

Petitioner should be advised that the proper court in which to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 is the sentencing court. He does not need authorization from the court in the district in which he is confined to file a §2255 in another jurisdiction. It is clear that this Court lacks jurisdiction of petitioner's claims regarding his conviction and sentence. The issues he raises are cognizable, if at all, in the sentencing court. Accordingly, it must be recommended that the petition be dismissed without prejudice to petitioner's right to bring his claim in the proper jurisdiction, which petitioner represents to be the U.S. District Court in the Central District of Illinois.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 9/30/11